**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4033**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CRAIG OKEIDO ANDERSON, a/k/a Snap, a/k/a Sir Chill, a/k/a
King Hundredgrand, a/k/a Yung Royalty,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:14-cr-00042-WDQ-1)

---

Submitted:  November 30, 2015     Decided:  December 14, 2015

---

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mirriam Z. Seddiq, SEDDIQ LAW FIRM, Greenbelt, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Zachary
A. Myers, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Okeido Anderson appeals his conviction after pleading guilty to possession of a firearm by a convicted felon. Anderson claims that the district court erred by denying his motion to withdraw his plea and by denying him the right to counsel at the hearing on that motion. Finding no reversible error, we affirm the district court's judgment.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." Id. at 383-84 (internal quotation marks omitted); see Fed. R. Crim. P. 11(d)(2)(B). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Nicholson, 676 F.3d at 384 (internal quotation marks omitted) (setting forth factors courts consider). "Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Id. (internal quotation marks omitted).

Anderson contends that his plea colloquy was defective because, after he stated under oath that he was a U.S. citizen,

2

the district court did not warn him of the potential immigration consequences of pleading guilty. See Fed. R. Crim. P. 11(b)(1)(O). Upon review of the record, we conclude that any such error is harmless because Anderson had actual notice of these possible immigration consequences because they were included in the plea agreement. We further conclude that Anderson entered his guilty plea voluntarily and that the district court was within its discretion to deny his motion to withdraw it. Finally, we reject Anderson's claim that, at the plea-withdrawal hearing, he suffered a complete deprivation of his right to counsel when counsel informed the district court that he ethically could not present Anderson's arguments. To the extent Anderson wishes to argue that his counsel's performance was ineffective, that claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (providing standard for ineffective-assistance-of-counsel claims raised on direct appeal).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3