¶ 43. SHIRLEY S. ABRAHAMSON, J. (dissenting). The State of Wisconsin, petitioner in the instant case, presented one issue for review: Now that criminal defense attorneys are obligated to advise their clients about the immigration consequences of their pleas, Padilla v. Kentucky, 559 U.S. 356 (2010), should the Wisconsin Supreme Court overturn its decision in State v. Douangmala, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1, and reinstate the harmless error rule to prohibit a defendant who was aware of the potential immigration consequences of his plea from being able to withdraw the plea because the circuit court failed to give a statutory immigration warning that complied with Wis. Stat. § 971.08(l)(c)? Rather than answer this single question limited to the effect of Padilla v. Kentucky, 559 U.S. 356 (2010), the majority opinion reaches beyond the issue presented to reinterpret anew Wis. Stat. §§ 971.08(l)(c), 971.08(2), and 971.26. In so doing, the majority overrules State v. Douangmala, 2002 WI62, 253 Wis. 2d 173, 646 N.W.2d 1, a unanimous decision of this court that has gone unchallenged for fifteen years and has been cited and relied upon in numerous cases. As the majority makes clear, Padilla has no effect on Douangmala. ¶ 44. The majority's errors are threefold. First, Douangmala was properly decided, and the majority's contrary conclusion is unpersuasive and objectively wrong. Second, the majority announces a novel interpretation of the harmless error statute with implications far beyond the present case, affecting future petitions for plea withdrawal under Wis. Stat. § 971.08(2). Third, the majority flouts the generally accepted rule of stare decisis that an appellate court adheres to its own prior decisions unless there are compelling reasons not to do so. Accordingly, I dissent. I—H ¶ 45. In Douangmala, the unanimous court reached two conclusions: (1) The plain text of Wis. Stat. § 971.08(l)(c) directs and requires a circuit court to address a defendant personally and advise the defendant that his plea of guilty or no contest for the offense may result in deportation, the exclusion from admission to the United States, or the denial of naturalization; and (2) If the circuit court fails to so advise a defendant who later shows that the plea is likely to result in deportation, the exclusion from admission to the United States, or the denial of naturalization, the court shall vacate any applicable judgment and allow the defendant to withdraw his plea. Douangmala, 253 Wis. 2d 173, ¶¶ 3, 4. ¶ 46. In reaching these conclusions, the Douang-mala court examined Wis. Stat. §§ 971.08(l)(c), 971.08(2), and 971.26. ¶ 47. Wisconsin Stat. § 971.08(l)(c) directs a circuit court to give a warning about immigration consequences. Before the court accepts a plea of guilty or no contest, the legislature requires the circuit court to do the following: Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law." Wis. Stat. § 971.08(l)(c). ¶ 48. Wisconsin Stat. § 971.08(2) provides the remedy if the circuit court fails to give the statutorily mandated warnings about immigration consequences. The remedy provision of the statute reads as follows: If a court fails to advise a defendant as required by sub.(l)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea of guilty or no contest on any other grounds. Wis. Stat. § 971.08(2). ¶ 49. I turn now to Wis. Stat. § 971.26, the harmless error statute. This statute saves numerous proceedings in which an error is made. The harmless error statute applied in criminal cases provides as follows: No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant. Wis. Stat. § 971.26.[1] f 50. I now return to Wis. Stat. § 971.08. Applying the plain text rule of interpretation to § 971.08(2), the unanimous Douangmala court concluded that if a circuit court fails to give the statutory warning, the legislature explicitly directs that the defendant is entitled to withdraw the plea upon a showing that the plea is likely to result in the defendant's deportation. Douangmala, 253 Wis. 2d 173, ¶¶ 3, 4. f 51. Relying on the text of Wis. Stat. § 971.08(2), the unanimous Douangmala court also concluded that prior cases applying the harmless error rule to § 971.08 were "objectively wrong under the language of the statute." Douangmala, 253 Wis. 2d 173, ¶ 42. These cases were explicitly overruled. Douangmala, 253 Wis. 2d 173, ¶ 42. ¶ 52. The justices joining the majority opinion— committed to applying the same plain-text analysis to the identical text of the statutes interpreted in Douangmala—overrule the unanimous Douangmala decision believing it to be "objectively wrong." The majority faults the Douangmala court for failing to harmonize Wis. Stat. § 971.08(2) (remedy provision) with Wis. Stat. § 971.26 (harmless error). Majority op., ¶¶ 26-36. f 53. The majority acknowledges that when two statutes conflict with one another, the more specific statute takes precedence over the more general statute. Majority op., ¶ 29.[2] ¶ 54. The majority gets around this rule, however, by declaring "that applying harmless error analysis does not facially violate Wis. Stat. § 971.08(2), but failing to apply harmless error analysis does facially violate Wis. Stat. §§ 971.26 and 805.18." Majority op., ¶ 32. ¶ 55. Curiously, the majority does not explain its assertion. The majority recognizes that both Wis. Stat. § 971.08(2) and § 971.26 use the mandatory "shall," and neither statute is "more mandatory" than the other, but the majority somehow reaches the conclusion that applying the harmless error rule to § 971.08(2) does not create a conflict. How? Wis. Stat. § 971.08(2) sets forth a simple "if-then" conditional sentence: If the circuit court fails to provide the immigration consequence warning and the defendant shows that his plea is likely to result in deportation, then the circuit court shall vacate the applicable judgment and permit the defendant to withdraw his plea. No exception is made for harmless errors.[3] ¶ 56. In my view, it is evident that there is a conflict between Wis. Stat. §§ 971.08(2) and 971.26. To resolve this conflict, the more specific statute should control over the more general statute. I—I I—I ¶ 57. I must also call attention to the staggering breadth of the majority's application of the harmless error statute in the instant case, and therefore, in future cases. See majority op., ¶¶ 31-33. According to the majority, in a battle between competing "shall" directives, the harmless error statute will always win out. This conclusion is in part supported by the fact that the harmless error statute, in one form or another, existed at least as early as 1897, long before Wis. Stat. § 971.08(2) was enacted. ¶ 58. Apparently, hereafter, every statute enacted and every case decided after 1897 is subject to a mandatory harmless error analysis (except perhaps when a violation of a constitutional or statutory provision has been declared prejudicial per se). This poses a conundrum for legislative drafters: What words should the drafter use if the legislature does not want the mandatory harmless error statute to apply? The legislature explicitly stated in the instant case that it did not want the mandatory harmless error to apply but the majority is ignoring the legislative direction. HH ¡-H 1-H ¶ 59. I now turn to the issue of affording due respect to precedent. The court's interpretation and application of Wis. Stat. § 971.08 and the harmless error statute has not been challenged or changed since the Douangmala decision. Since Douangmala was decided, neither the text of § 971.08(2) nor the text of the harmless error statute has been changed by the legislature. Generally speaking, legislative acquiescence to a judicial construction of a statute gives rise to a presumption that the judicial construction should stand. See, e.g., Force ex rel. Welcenbach v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶ 124 n.76, 356 Wis. 2d 582, 850 N.W.2d 866; Milwaukee Journal Sentinel v. City of Milwaukee, 2012 WI 65, ¶ 43, n.21, 341 Wis. 2d 607, 815 N.W.2d 367; Wenke v. Gehl Co., 2004 WI 103, ¶¶ 32-35, 274 Wis. 2d 220, 682 N.W.2d 405; State v. Hansen, 2001 WI 53, ¶ 38, 243 Wis. 2d 328, 627 N.W.2d 195; Reiter v. Dyken, 95 Wis. 2d 461, 471-72, 290 N.W.2d 510 (1980). f 60. Furthermore, litigants and courts have relied on Douangmala. Douangmala has been cited 168 times. Though not an absolute rule, stare decisis protects litigants' and courts' reliance on judicial decisions. ¶ 61. A court should not overrule a judicial interpretation of a statute when the court simply disagrees with the rationale of the prior decision. Rather, the party seeking the overruling must show "not only that [the decision] was mistaken but also that it was objectively wrong, so that the court has a compelling reason to overrule it." Wenke, 274 Wis. 2d 220, ¶ 21. As I explained above, there are no compelling reasons for overruling Douangmala, and the majority reaches a contrary conclusion overruling Douangmala by hoping that the reader will not scrutinize the majority's baseless conclusion that applying harmless error to Wis. Stat. § 971.08(2) does not give rise to a conflict—even though it plainly does. ¶ 62. Though not an absolute rule, stare decisis promotes stability, coherence, and the rule of law. By disregarding the generally accepted interpretative approach of adhering to a prior judicial interpretation of a statute and by overruling the Douangmala decision, the majority scoffs at stare decisis and jeopardizes finality and certainty in the law.[4] * * * * ¶ 63. The majority has no justification beyond its doctrinal disposition to overrule Douangmala. The only change since the Douangmala decision is the makeup of the court. A change in judges is not a valid reason to overturn a decision of the court. "A basic change in the law upon a ground no firmer than a change in our membership invites the popular misconception that this institution is little different from the two political branches of the Government. No misconception could do more lasting injury to this Court and to the system of law which it is our abiding mission to serve." Mitchell v. W.T. Grant Co., 416 U.S. 600, 636 (1974) (Stewart, J., dissenting). f 64. The majority opinion represents the will of the justices joining the opinion; it does not promote the rule of law. Accordingly, I dissent. f 65. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissenting opinion. The majority also invokes Wis. Stat. § 805.18, the harmless error statute applicable to civil actions. The majority claims that § 805.18 is made applicable to criminal actions by Wis. Stat. § 972.11(1). Majority op., ¶ 22. Wisconsin Stat. § 972.11(1) provides as follows: Except as provided in subs. (2) to (4), the rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction. No guardian ad litem need be appointed for a defendant in a criminal action. Chapters 885 to 895 and 995, except ss. 804.02 to 804.07 and 887.23 to 887.26, shall apply in all criminal proceedings. Wis. Stat. § 972.11(1). The majority does not explain how or why § 805.18 constitutes a "ruleD of evidence or practice in civil actions." Thus, § 805.18's applicability to criminal cases is, at best, questionable. Regardless, there is nothing in my analysis that would be affected by § 805.18's applicability. The majority relies on Rouse v. Theda Clark Medical Center, 2007 WI 87, ¶ 37, 302 Wis. 2d 358, 735 N.W.2d 30. See also Marder v. Bd. of Regents of Univ. of Wis. Sys., 2005 WI 159, ¶ 23, 286 Wis. 2d 252, 706 N.W.2d 110 ("[W]here a specific statutory provision leads in one direction and a general statutory provision in another, the specific statutory provision controls."). [3] The majority points out that harmless error statutes existed, long before Wis. Stat. § 971.08(2) was enacted. So what? This court has given effect to specific statutes over general statutes for at least a century. See Chippewa & Flambeau Improvement Co. v. R.R. Comm'n of Wis., 159 N.W. 739, 744, 164 Wis. 105 (1916). Rather than explicitly excepting § 971.08(2) from the harmless error rule, the legislature has relied on the courts to apply this century-old canon of construction to give effect to § 971.08(2). Moreover, the majority relies in part on Federal Rule of Criminal Procedure ll(b)(l)(0), which requires a federal district court to inform defendants that their conviction may result in adverse immigration consequences before accepting their pleas of guilty or nolo contendere. Majority op., ¶ 34. A defendant's claim that Rule ll(b)(l)(0) was violated is subject to harmless error analysis. Majority op., ¶ 35 (citing United States v. Anderson, 624 F. App'x 106, 107 (4th Cir. 2015)). However, there is no federal analogue to Wis. Stat. § 971.08(2), and it is the remedy provision unique to Wisconsin that is at issue in the instant case. The federal rule is of no help to the majority. See also Planned Parenthood of S.E. Penn. v. Casey, 505 U.S. 833, 864 (1992) (citing Mitchell) ("To overrule prior law for no other reason than [a present doctrinal disposition to come out differently from the previous court] would run counter to the view repeated in our cases, that a decision to overrule should rest on some special reason over and above the belief that a prior case was wrongly decided."); Mapp v. Ohio, 367 U.S. 643, 677 (1961) (Harlan, J., dissenting).