**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 4, 2021[*]
Decided August 9, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1039

GNAMIEN MOMOU,
    *Plaintiff-Appellant,*

*v.*

DEAN HEALTH PLAN, INC., *et al.,*
    *Defendants-Appellees.*

Appeal from the United States
District Court for the Western
District of Wisconsin.

No. 20-cv-14-wmc
William M. Conley, *Judge.*

**Order**

    After Gnamien Momou's wife was diagnosed with ovarian cancer, Dean Health Plan, Momou's insurer, decided to pay for chemotherapy but not surgery. (Momou's wife was a beneficiary of his policy.) Momou contends that this decision, coupled with a poorly performed biopsy at St. Mary's Hospital in Madison, Wisconsin, accelerated his

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

wife's death. He filed this suit in federal court seeking damages from Dean, the hospital, and affiliated entities. The district court dismissed the suit for lack of subject-matter jurisdiction. 2020 U.S. Dist. LEXIS 229668 (W.D. Wis. Dec. 8, 2020).

All litigants are citizens of Wisconsin, so diversity jurisdiction under 28 U.S.C. §1332 is unavailable. (Momou's proposal in the district court to add some additional defendants could not cure this problem, as citizens of Wisconsin would remain on each side. Momou has not moved to dismiss any of the defendants that have Wisconsin citizenship. Cf. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989).) That leads Momou to rely on the federal-question jurisdiction of 28 U.S.C. §1331. He observes that all defendants are subject to many federal statutes. But, as the district judge informed Momou, 2020 U.S. Dist. LEXIS 229668 at *7, §1331 supplies jurisdiction only when the claim arises under one of these statutes, which Momou's breach-of-contract and medical-malpractice claims do not.

In this court Momou relies on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671–80, and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. His brief rattles off the names of some other federal statutes but does not make an argument based on them, so we limit our attention to the FTCA and ERISA.

Momou treats the FTCA as a source of federal jurisdiction over all tort claims. It is not. It concerns only tort claims against the United States, and then only claims that arise out of conduct by a federal agency or a federal employee acting within the scope of employment. See §§ 1346(b), 2401(b), 2671. Momou has not sued the United States, and he does not contend that any of the defendants (or any of their agents) is a federal employee acting within the scope of that employment. The FTCA has nothing to do with this suit.

Nor does ERISA. True, health insurance offered as a fringe benefit of employment can be part of a welfare benefit plan regulated by ERISA, and when that is so a claim that a plan's fiduciary has departed from the plan's language may be litigated in federal court. 29 U.S.C. §1132; *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). Momou's health insurance is a fringe benefit of employment—but his employer is the University of Wisconsin Hospital and Clinics Authority. The Authority is part of the State of Wisconsin, see *Rouse v. Theda Clark Medical Center, Inc.*, 735 N.W.2d 30 (Wis. 2007), which means that its plan is outside ERISA's coverage. See 29 U.S.C. §§ 1002(32), 1003(b)(1) (excluding plans operated by an "agency or instrumentality" of a state).

None of Momou's other arguments requires discussion. His suit belongs in state court, just as the district judge held.

AFFIRMED